**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>JAMES DAVID CNOCKAERT,<br><br>　　　　Defendant - Appellant. | No. 10-30089<br><br>D.C. No. 2:09-cr-00001-DWM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 6, 2011[**]
Portland, Oregon

Before: TASHIMA, BEA, and IKUTA, Circuit Judges.

James Cnockaert appeals his conviction, following a one-day bench trial, of

one count of possession of child pornography in violation of 18 U.S.C.

§ 2252A(a)(5)(B). Legislative Action Pub. L. 110-401, Title III, § 304, Oct. 13,

---

[*]　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

2008, 122 Stat. 4242 (effective October 13, 2008 to November 30, 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cnockaert raises two issues as to whether the law is unclear when a defendant is charged with both receipt and possession of child pornography. These issues are irrelevant here because the district court vacated the receipt charge and found Cnockaert guilty of only the lesser included charge of possession. *See United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008). Cnockaert does not question the district court's authority to vacate the more serious offense of receipt and to sentence a defendant solely on the less serious offense of possession. Neither do we.

The evidence showed Cnockaert sought out child pornography on three different computers. Cnockaert deliberately went to websites containing child pornography and opened them—some more than once—and viewed the content. Moreover, the forensic expert testified at trial that the thumbnail cache in the "Jim" folder of Cnockaert's home computer could have been created there by the operating system only if the original images had been placed in that folder through user action (either downloading the image from the Internet or copying it from the Internet cache). Cnockaert himself admitted to his supervisors that he was the person who had viewed "pornography" immediately after being asked if he could

2

explain his use of the worksite computer that had been used to view "child pornography." We therefore conclude that a rational trier of fact could have found the government proved the essential elements of the possession charge beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

**AFFIRMED.**